# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CAMARI BOOKTER | CIVIL ACTION |
| VERSUS | 16-574-SDD-EWD |
| STEVENSON HUNTER | |

### RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Sergeant Stevenson Hunter, Jr. ("Defendant"). Plaintiff Camari Bookter ("Plaintiff") has filed an *Opposition*[2] to this motion, to which Defendant filed a *Reply*.[3] Plaintiff has also filed a *Motion to Have Deemed Admissions by Default Withdrawn*,[4] which the Defendant addressed in his *Reply*. For the following reasons, Plaintiff's motion shall be denied, and the Defendant's motion shall be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff contends that, while he was an inmate incarcerated at Louisiana State Penitentiary ("LSP") in Angola, Louisiana, on November 7, 2015, he was forced to receive and perform oral sex on the Defendant, a guard employed by LSP. Defendant denies Plaintiff's allegations and moves for summary judgment on both the substantive merits of the case and because Plaintiff failed to timely respond to Defendant's propounded

---

[1] Rec. Doc. No. 50.
[2] Rec. Doc. No. 59.
[3] Rec. Doc. No. 61.
[4] Rec. Doc. No. 51.
49058

Requests for Admission; thus, Defendant maintains several assertions relevant to Plaintiff's case are deemed admitted under Rule 36 of the Federal Rules of Civil Procedure. Specifically, Defendant contends the following statements are deemed admitted and conclusively established in this case:

> (1) Plaintiff suffered no physical injuries from the incident on November 7, 2015; (2) On November, 7, 2015, the Defendant did not perform any sexual act upon the Plaintiff; (3) On November 7, 2015, Plaintiff did not perform any sexual act upon the Defendant; and (4) On November 7, 2015, Plaintiff did not inform any employee of the Louisiana Department of Public Safety and Corrections about Plaintiff's allegations of sexual assault against the Defendant.[5]

Based on these admissions and the evidence in the case, Defendant moved for summary judgment on April 30, 2018. Plaintiff moved to have the deemed admissions withdrawn on May 12, 2018, ostensibly provoked only by Defendant's reference to these deemed admissions in his motion.

The record reflects that the Requests for Admissions pursuant to Rule 36 were propounded by Defendant on July 27, 2017.[6] After the passage of thirty days without reply, by rule, the requests were deemed admitted. Plaintiff's counsel admitted that she became aware that the Requests for Admissions had gone unanswered no later than November 2017, but she describes this as an "oversight … and possibly as a result of a communication regarding the discovery being outstanding."[7] Fact discovery closed on December 13, 2017, and Plaintiff responded untimely to the Requests for Admissions on December 14, 2017, a day after the close of discovery. Nonetheless, Plaintiff's *Motion to Withdraw Admissions* was not filed until May 12, 2018.

---

[5] Rec. Doc. No. 50-1 at 3 (citing Rec. Doc. No. 50-4 at 3, Requests for Admission from Plaintiff 1-4).
[6] Rec. Doc. No. 50-4.
[7] Rec. Doc. No. 51-2 at 1.
49058

## II. FEDERAL RULE OF CIVIL PROCEDURE 36

Federal Rules of Civil Procedure Rule 36 addresses requests for admissions. Under the Rule, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."[8] Plaintiff admits that the Defendant's Request for Admission was received in July 2017 and that responses were due thirty days later in August 2017. After the 30 days period lapsed, the matters were deemed admitted by the Plaintiff.

"A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."[9] "In order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case."[10] "Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission."[11]

Plaintiff offers only a conclusory argument regarding the first factor: "[h]ere there can be no doubt that the presentation of the merits may be severely prejudiced by allowing the deemed admissions to stand."[12] Notwithstanding the terse nature of the Plaintiff's claim, the admissions would negate an essential element of the Plaintiff's claim, therefore

---

[8] Fed.R.Civ.P. 36.
[9] *Id.*; *see also Carney v. IRS*, 258 F.3d 415, 419 (5th Cir. 2001) ("[Fifth] Circuit has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)."); *Am. Auto. Ass'n v. AAA Legal Clinic,* 930 F.2d 1117, 1120 (5th Cir.1991).
[10] *Carney*, 258 F.3d at 419 (*citing American Auto*, 930 F.2d at 1119; Fed.R.Civ.P. 36(b)).
[11] *Id.* (*citing United States v. Kasuboski*, 834 F.2d 1345, 1350 n. 7 (7th Cir.1987); Donovan v. Carls Drug Co., Inc., 703 F.2d 650, 652 (2d Cir.1983)).
[12] Rec. Doc. 51-2 at 2.

permitting withdrawal or amendment of the admissions necessarily would "promote the presentation of the case on its merits."[13] The Court acknowledges that denying Plaintiff's motion to withdraw does impact the presentation of the merits.

The Defendant objects to Plaintiff's motion but did not expressly address either factor.[14] However, Defendant submits that Plaintiff's attempt to withdraw the deemed admissions is "extremely dilatory" and notes that the *Motion to Withdraw Admissions* was filed more than eight months after the default.[15] Defendant further avers that Plaintiff's *Motion to Withdraw Admissions* was filed only after Defendant had filed the summary judgment motion, and five months after the close of fact discovery, and Plaintiff's counsel has yet to provide any justifiable explanation or excuse for the late responses other than her own neglect.[16] Also troubling, Defendant points out that the late discovery responses contradict portions of Plaintiff's deposition testimony: "Plaintiff waited until the day after Plaintiff's deposition and the day after the fact discovery deadline to even submit these late discovery responses which appear solely aimed at contradicting multiple portions of his deposition testimony."[17]

The Fifth Circuit has held that the presentation of the merits factor alone is not determinative to this inquiry:

> Although... it is proper to consider whether denying withdrawal would have the practical effect of eliminating any presentation of the merits of the case in determining whether Rule 36(b)'s first requirement is met, *see, e.g., Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir.1995), this and other

---

[13] Fed.R.Civ.P. 36(b); *see Thanedar v. Time Warner, Inc.*, 352 Fed.Appx. 891, 896 (5th Cir. 2009) (First prong of test under Rule 36(b) was satisfied where two issues at trial would not have been developed but for the withdrawal of admissions).
[14] Rec. Doc. 61, at 4.
[15] *Id.* at 1, 4.
[16] *Id.* at 5.
[17] *Id.* at 4-5.
49058

courts have not relied solely on this factor in determining whether to permit withdrawal. Even where the presentation of the merits of a case would be eliminated, other factors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing "the admission is contrary to the record of the case," or that the admission "is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission." *N. La. Rehab. Ctr. Inc. v. United States*, 179 F.Supp.2d 658, 663 (W.D.La.2001) (quoting *Ropfogel v. United States*, 138 F.R.D. 579, 583 (D.Kan.1991)); *accord Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 658-59 (E.D.N.C.1988) (denying withdrawal because the movants for withdrawal proffered "no affidavit, verified pleading, or other evidence ... to suggest the admission, if left standing, would render an unjust result under the law"). This circuit has also determined that a court acts within its discretion in considering the fault of the party seeking withdrawal, *Pickens v. Equitable Life Assurance Soc.*, 413 F.2d 1390, 1394 (5th Cir.1969), or its diligence in seeking withdrawal, *Covarrubias v. Five Unknown INS/Border Patrol Agents*, 192 F. App'x 247, 248 (5th Cir.2006) (per curiam) (unpublished).[18]

Plaintiff's counsel offers no explanation other than her own negligence in failing to timely respond to the request for admissions.[19] The responses were provided over three months late and roughly two to six weeks after Plaintiff's counsel was alerted to the default admissions.[20] Yet, it took another five months for Plaintiff's counsel to file a motion to withdraw the admissions, and only after Defendant's *Motion for Summary Judgment* was based in large part on the admissions.[21]

Turning to the second factor - whether permitting amendment or withdrawal "would prejudice the requesting party in maintaining or defending the action on the merits"[22] - "[c]ourts have usually found that the prejudice contemplated by Rule 36(b) relates to

---

[18] *Le v. Cheesecake Factory Restaurants, Inc.*, No. 06-20006, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) (footnote omitted).
[19] Rec. Doc. No. 51-2, p.1.
[20] *Id.*; Rec. Doc. No. 50-5, p. 14; Rec. Doc. No. 50-4, p. 8. Further highlighting counsel's negligence, the responses were submitted initially on behalf of "Mr. Odom." Rec. Doc. No. 50-5 at 1.
[21] Rec. Doc. No. 51-2, p. 1; Rec. Doc. No. 50.
[22] Fed.R.Civ.P. 36(b).
49058

special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission."[23] "Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial."[24]

Although Plaintiff's counsel makes the blanket statement that the Defendant will not be prejudiced by the withdrawal, Plaintiff's counsel fails to address the significant delay between her discovery of the def. Plaintiff also ignores the fact that the responses were submitted after the close of discovery and any potential prejudice felt by the Defendant as to the conflicting evidence that would result if the deemed admissions are withdrawn.

Considering the wide discretion afforded this Court under Rule 36, the negligence of Plaintiff's counsel, and the continued and repeated failure to timely remedy the default despite knowledge of same, the Court will deny Plaintiff's *Motion to Withdraw Admissions*.[25]

---

[23] *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991) (*citing Brook Village North Assocs. v. General Electric Co.*, 686 F.2d 66, 70 (1st Cir.1982)).
[24] *Le*, 2007 WL 715260, at *3 (*citing Branch Banking & Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 660 (E.D.N.C.1988); *N. La. Rehab. Ctr. Inc. v. United States*, 179 F.Supp.2d 658, 663 (W.D.La.2001)).
[25] The Court notes that Plaintiff's counsel has a history of this type of negligence in the Middle District of Louisiana. *See In re Grodner*, 2014 WL 4365080 at *9 (M.D. La. Sep. 2, 2014)(In particular, the Court notes that in the last three months alone, multiple judges of this District have issued written orders commenting on Ms. Grodner's lack of professionalism, and have warned that continued failure to abide by Local Rules and ethical obligations may result in sanctions being imposed. *See, e.g., Sonnier v. Honeycutt, et al.*, No. 12–cv–00292 (M.D. La. June 23, 2014) (Jackson, C.J.), ECF No. 45 at p. 1–2 (order striking proposed pretrial order filed by Ms. Grodner, expressing frustration at "counsels' attempt to submit documents ... that have been altered with a black marker," and warning that "continued failure to comply with [Local Rules] shall result in sanctions " (emphasis and underline in original)); *Hill v. Kilbourne, et al*, No. 11–cv–00778 (M.D. La. June 19, 2014), ECF No. 80 at p. 1, 3 (Dick, J.) (order striking various motions filed by Ms. Grodner, describing the filings as "sloppy," "unprofessional," and "virtually undiscernible," and admonishing Ms. Grodner "to review the Local Rules and Administrative Procedures of the Middle District Court"); *Kleinpeter, et al. v. Kilbourne, et al.*, No. 13–cv–00357 (M.D.La. July 22, 2014), ECF No. 67 at pp. 49058

In *Le v. Cheesecake Factory Restaurants, Inc.*, the Fifth Circuit found that the district court did not abuse its discretion in denying a First Amended Motion to Permit Withdrawal.[26] The Motion was not filed until nearly five months after the plaintiffs had notice that they had failed to respond, the Motion was filed two days before the close of discovery, and no explanation was offered for the delay.[27] Here, Plaintiff's counsel admits knowledge of the failure to respond some time in November of 2017.[28] The responses, due in August 2017, were submitted on December 14, 2017 without any explanation for the delay or request to submit the responses out of time. The *Motion to Withdraw Admissions* was not filed until May 12, 2018, more than five months later.[29] No explanation was offered for the delay in attempting to have the admissions withdrawn. Discovery was closed prior to the filing of the Plaintiff's Motion.[30]

In *Murrell v. Casterline*,[31] the Fifth Circuit reversed a district court's grant of summary judgment to the defendant where the defendants had failed to timely respond to requests for admission in a case brought by an inmate. The Fifth Circuit opined:

> Under Federal Rule of Civil Procedure 36(a), requests for admissions are deemed admitted if not answered within 30 days. *See Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir.1991) ("Under Federal Rule of Civil Procedure 36(a), a matter in a request for admissions is admitted unless the party to whom the request is directed answers or objects to the matter within 30 days."). Any matter admitted under Rule 36 is deemed conclusively established unless the court permits withdrawal of the admission. Fed.R.Civ.P. 36(b). Further, if the requests for admissions concern an essential issue, the failure to respond to requests for admission can lead to a grant of summary

---

1, 4 (Bourgeois, Mag. J.) (order denying motion for leave to amend, noting Ms. Grodner's repeated failure to comply with the Court's Local Rules and warning that "[t]he Court must consider appropriate sanctions should these violations continue to occur.")).
[26] 2007 WL 715260, at *3.
[27] *Id.*
[28] Rec. Doc. No. 51-2, p. 1.
[29] Rec. Doc. No. 51.
[30] Rec. Doc. No. 30.
[31] 307 Fed. Appx. 778 (5th Cir. 2008).
49058

judgment against the non-responding party. *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548–49 (5th Cir.1985). In this case, the plaintiff's requests were served March 13, 2006, and responses were not filed until May 2, 2006. The requests for admissions that defendants failed to timely respond to concerned the essential issues of this claim. The deemed admissions conclusively establish that the defendants were deliberately indifferent to Murrell's serious medical needs. Thus, the deemed admissions also provide a basis for concluding that the grant of summary judgment to defendants was erroneous. *See, e.g., Hill v. Breazeale*, 197 Fed.Appx. 331, 337 (5th Cir.2006).[32]

As set forth in *Murrell*, the Fifth Circuit reversed a summary judgment in favor of defendants who had defaulted in the same way as Plaintiff herein. Under the same reasoning and analysis, the denial of Plaintiff's *Motion to Withdraw Admissions* is warranted.

In light of the deemed admissions, Plaintiff cannot carry his summary judgment burden to demonstrate the existence of genuine issues of material fact as to his Eighth Amendment claim. Accordingly, Defendant's *Motion for Summary Judgment*[33] is GRANTED. *Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>December 3, 2018</u>.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[32] *Id.* at 780.
[33] Rec. Doc. No. 50.
49058